I concur with the majority as to its analysis and disposition of this case. I write separately only to say that it seemed illogical that the State of Ohio, through the legislature, meant to pre-empt a private lake owner's ability to determine the size of boat permitted thereon. But, after a careful reading of the statutes, that is what the law says. By definition and stipulation in the case sub judice, private lakes used for recreational boating are "waters in this state." And, an analysis of R.C. 1547.61 seems to indicate that the State exerts jurisdiction to determine the size of vessels permitted, except in limited circumstance. The sentence from R.C. 1547.61 that leads me to that conclusion reads in relevant part: "[c]onservancy districts and political subdivisions may adopt ordinances or rules limiting the horsepower of . . . motors, the maximum and minimum size and type of vessel, and the speed at which vessels may be operated . . ." I conclude from this sentence that since private owners of lakes are not included among these entities who/which may regulate size of vessel, they are excluded. This is based on the rule of statutory interpretation which states expressio unius est exlcusio alterius.